```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

DRAGOS FLORIN CHITU,

    Plaintiff,

v.                                Case No: 2:21-cv-85-JES-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion & Brief for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #25) filed on December 30, 2025. The Commissioner filed a Response (Doc. #26) on January 9, 2025, indicating neither support nor opposition in the request as it has no direct financial stake in the outcome.

Plaintiff initiated the Complaint (Doc. #1) on February 2, 2021. On October 6, 2021, the Court issued an Order (Doc. #19) granting an unopposed motion, reversing the Decision of the Commissioner, and remanding the case to the Commissioner of Social Security for further administrative proceedings, including further consideration of Dr. Kagan's opinion. Judgment (Doc. #20) was issued on October 6, 2021. On January 14, 2022, the Court awarded $7,982.98 in attorney fees and costs in the amount of $402 to

plaintiff. (Doc. #23.) An Amended Judgment (Doc. #24) was issued on January 18, 2022, reflecting the award.

Plaintiff was awarded past due benefits totaling $236,425.00, and the amount withheld for attorney fees is $59,106.20, which represents 25% of plaintiff's past due Social Security disability benefits. (Doc. #25-1.) Counsel has a Social Security Retainer and Fee Agreement (Doc. #25-2) providing that "[i]f my case is favorably decided after an appeal to federal court, my representative may elect not to pursue fees under 42 U.S.C. 406(b). My representative may elect to pursue fees under only 42 U.S.C. 406(a). If so, I permit my representative to also keep any previously awarded court EAJA fees." Counsel now seeks payment of the net amount of the 25% after accounting for EAJA fees paid, or $51,123.22.

While the Commissioner defers to the Court, it requests that the Court specify that any amount paid be out of the past-due benefits "*in accordance with agency policy.*" (Doc. #26, p. 2) (emphasis in original). The Commissioner further asks the Court to subtract the previously awarded fees, rather than a refund, and to award the difference. (Id. at 3.) If agreeable, the Commissioner asks that the reasonableness determination of the fee request be based on the full $59,106.20.

- 2 -

The Eleventh Circuit Court of Appeals has determined that "42 U.S.C. § 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006). The Notice of Award is dated December 7, 2025. (Doc. #25-1.) Counsel states that his office received a copy from the administrative representative on December 10, 2025. (Doc. #25 n.1.) "No later than fourteen days after receipt of a 'close-out' letter, a lawyer requesting an attorney's fee, payable from withheld benefits, must move for the fee and include in the motion: (1) the agency letter specifying the withheld benefits, (2) any contingency fee agreement, and (3) proof that the proposed fee is reasonable." M.D. Fla. R. 7.01(e). The motion was filed after the 14 days but will be deemed timely filed. See Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277-78 (11th Cir. 2006) ("Because the Commissioner has not objected to the timeliness of the attorney's fee petitions, we … hold that the petitions were timely.")

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an

independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." Id. at 808. Reasons for reduction include if the attorney is responsible for delay "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court," and "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." Id.

There was no undue delay in this case before remand. Counsel expended 38.5 hours on the case and was awarded $7,982.98 in EAJA fees for these hours. (Doc. #21, pp. 5-6.) Counsel notes the "considerable" risk with taking this case for a young claimant (47 years old) with an "uncertain constitutional challenge" based on Seila L. LLC v. Consumer Fin. Prot. Bureau, 591 U.S. 197 (2020). Claimants universally lost on such a challenge posing a high risk. Counsel also argues that claimant's additional benefits will easily exceed $765,000, if he remains disabled until the age of 67, and when the EAJA refund is factored in, the contingent fee is

only 5.1% of the total award. Further, plaintiff is now eligible for other benefits, including Medicare.

The Court finds that the factors set forth in Gisbrecht weigh in favor of an award. See, e.g., Clark v. Comm'r of Soc. Sec., No. 8:20-CV-2635-PDB, 2024 WL 4433442, at *3 (M.D. Fla. Oct. 7, 2024) ("The Court is mindful of Gisbrecht's instruction that a downward adjustment is in order if the benefits are large compared to the time spent on the action. [] But considering the substantial risk of no award, the lack of opposition by the Commissioner, and that [claimant's] success may be attributed to [counsel's] skills and experience, 'reaping the benefit of the work' is appropriate." (citations omitted)).

An attorney "who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client" or "the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1274 (11th Cir. 2010). In this case counsel has elected a net payment.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion & Brief for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #25) is **GRANTED.**

2. The Court awards counsel $51,123.22 in attorney's fees pursuant to 42 U.S.C. § 406(b).

3. The Clerk shall enter a Second Amended Judgment awarding $51,123.22 to plaintiff's counsel for attorney's fees.

**DONE and ORDERED** at Fort Myers, Florida, this ___27th___ day of January 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record